UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ,<br><br>   Plaintiff,<br><br> v.<br><br>A. PARKS, et al.,<br><br>   Defendants. | Case No. 1:21-cv-01496-ADA-BAK (SAB) (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM A COURT ORDER PURSUANT TO RULE 60<br><br>(Doc. No. 22)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDERS DENYING LEAVE TO EXCEED 25-PAGE LIMIT AND DENYING MOTION FOR A COPY OF THE FIRST AMENDED COMPLAINT<br><br>(Doc. No. 23) |

  Plaintiff Ronald F. Martinez ("Plaintiff") is a state prisoner, proceeding *pro se* and *in forma pauperis*, in this civil rights action filed under 42 U.S.C. § 1983.  Plaintiff has filed a motion under Federal Rule of Civil Procedure 60, seeking relief from an order denying Plaintiff leave to file a first amended complaint ("FAC") exceeding twenty-five pages and denying Plaintiff's request for a copy of his lodged FAC.  (Doc. No. 22.)  On the same day, Plaintiff filed objections to the order, raising the same arguments.  (Doc. No. 23.)

  On December 8, 2021, the court entered an order granting Plaintiff's motions for copies of the complaint and motions he had filed previously, based on his inability to access the law

library to make copies. (Doc. No. 13.) The court advised: "This is a one-time allowance, and the Court will not again provide copies without the plaintiff prepaying the cost. He is urged to obtain copies of his documents before filing if he wishes to have them." (Doc. No. 13.)

On January 10, 2022, Plaintiff filed a motion to amend his complaint. (Doc. No. 16.) The court granted the motion and ordered Plaintiff to limit the pleading to twenty-five pages. (Doc. No. 17.) Thereafter, Plaintiff filed a motion for leave to exceed the twenty-five-page limit and lodged a 109-page FAC. (Doc. Nos. 19, 20.) Plaintiff also requested a copy of his lodged FAC. (Doc. No. 18.) On April 5, 2022, the court denied Plaintiff's leave to exceed the 25-page limit and, quoting the court's prior order (Doc. No. 13), denied Plaintiff's request for a copy of his lodged FAC. (Doc. No. 21.)

In response, Plaintiff filed the instant motion under the Federal Rule of Civil Procedure Rule 60(b)(6), seeking relief from the court's order of April 5, 2022, for "any other reason that justifies relief." (Doc. No. 22.) At the same time, Plaintiff filed objections to the order. (Doc. No. 23.) After filing these pleadings, Plaintiff filed a second motion for leave to file an FAC exceeding the twenty-five-page limit, and he lodged a thirty-nine-page FAC. (Doc. Nos. 27, 28.) On May 17, 2022, the court entered an order granting Plaintiff leave to file an FAC exceeding twenty-five pages and accepting the FAC as filed. (Doc. No. 29.) Therefore, Plaintiff's objections and motion for relief are denied as moot with respect to the filing of the FAC.

Plaintiff also objects to, and seeks relief from, the court's denial of his request for the original or a copy of his lodged FAC. Plaintiff asserts that he is unable to make copies of his filings because Defendants obstruct Plaintiff's access to the law library, thereby preventing him from making copies. Plaintiff argues that without the original or a copy of the lodged FAC or the original complaint, he "has nothing to draft a FAC as ordered," (Doc. No. 22 at 2), and cannot "effectively litigate, prosecute, this and other actions without the administrative assistance from the Court." (Doc. No. 23 at 6-7.) Despite these representations, Plaintiff did file a revised FAC with exhibits, (Doc. No. 28), which has been accepted for filing. (*See* Doc. No. 29.)

//

The court does not ordinarily provide free copies of documents to parties. *Young v. Cal. Dep't of Corr. & Rehab.*, No. 1:07-CV-01121-GSA-PC, 2010 WL 2756785, at *2 (E.D. Cal. July 12, 2010). "Neither Plaintiff's *pro se* status nor his prisoner status entitle him to receive complimentary copies." *Harper v. Well Path, LLC.*, No. 1:21-CV-558-JLT-HBK, 2022 WL 1104742, at *2 (E.D. Cal. Apr. 13, 2022). The Clerk's Office may provide copies of up to twenty (20) pages and prepayment of the copy fees at $0.50 per page.[1] *See* 28 U.S.C. § 1914; *Harper*, 2022 WL 1104742, at *2; *Shepard v. Cohen*, No. 1:11-cv-00535-LJO-GSA-PC, 2015 WL 2380810, at *2 (E.D. Cal. May 18, 2015).

Plaintiff has not shown good cause for the Clerk to provide him with his requested copies without prepayment. The court's order of April 5, 2022, denying Plaintiff a copy of his lodged 109-page FAC, does not prevent Plaintiff from obtaining a copy of the rejected FAC or any other document in the record.[2] Plaintiff may obtain copies from the Clerk of Court if he pays for them in advance. Plaintiff's trust account statement indicates that he has sufficient funds for this purpose. (*See* Doc. Nos. 9, 11.)

Accordingly:

1. Plaintiff's motion for relief from judgment, (Doc. No. 22), is DENIED; and
2. Plaintiff's objections to magistrate judge's orders denying Plaintiff's motions for leave to exceed twenty-five (25) page limit and denying motion for copy of FAC, (Doc. No. 23), are OVERRULED.

IT IS SO ORDERED.

Dated:   September 15, 2022

UNITED STATES DISTRICT JUDGE

---

[1] Checks in the exact amount are payable to "Clerk, USDC." For larger copy orders, the Plaintiff may contact Attorney's Diversified Service by writing to them at 741 N. Fulton Street, Fresno, CA 93728, by phoning 1–800–842–2695, by faxing a request to 559–486–4119, or by leaving a voice mail at 559–259–8544. *See Young*, 2010 WL 2756785, at *2 n.1.

[2] Copies of documents issued by the Court or filed by Defendants are automatically served on Plaintiff by mail.