1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RONALD F. MARTINEZ,

              Plaintiff,

    v.

A. PARKS,

             Defendant.

Case No.: 1:21-cv-01496-ADA-CDB (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO EXCEED THE PAGE LIMIT FOR THE SECOND AMENDED COMPLAINT  (Doc. 35)

ORDER GRANTING LEAVE TO FILE THIRD AMENDED COMPLAINT AND DIRECTING CLERK OF COURT TO PROVIDE PLAINTIFF WITH A CIVIL RIGHTS COMPLAINT FORM

ORDER DENYING AS MOOT PLAINTIFF'S MOTIONS REQUESTING THE COURT TO SCREEN FIRST AND SECOND AMENDED COMPLAINTS  (Docs. 34, 37)

**THIRTY (30) DAY DEADLINE**

      Plaintiff Ronald F. Martinez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983.

**I.    PROCEDURAL HISTORY**

      On October 7, 2021, Plaintiff commenced this action by filing a 61-page complaint. (Doc. 1.)  Plaintiff filed a motion to amend the complaint—prior to screening and service in the interest of conserving judicial time and resources—to add a defendant and a retaliation claim.

1  (Doc. 16.)  The Court granted the motion and afforded Plaintiff thirty days to file a first amended

2  complaint ("FAC"), subject to a 25-page limitation:

3       . . . Rule 8 requires the complaint to be "a short and plain statement of the claim
        showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). The rule also
4       provides that "[e]ach allegation must be simple, concise, and direct." *Id.* at 8(d)(1).
        Plaintiff's original complaint is forty-two handwritten pages, including factual
5       details unrelated to his First Amendment claims. Therefore, Plaintiff shall limit his
6       amended complaint to **twenty-five (25) pages**[.]

7  (Doc. 17 at 2 (alteration in original).)

8       Despite this order, on February 2, 2022, Plaintiff filed a motion to exceed the page limit

9  for the FAC.  (Doc. 19.)  At the same time, Plaintiff lodged a 109-page FAC, consisting of 165

10 paragraphs—or approximately 65 pages—of handwritten text.  (Doc. 20.)  On April 5, 2022, the

11 assigned magistrate judge entered an order finding the lodged FAC was inappropriate for filing

12 and denying the motion to exceed the 25-page page limit.  (Doc. 21.)  However, the Court again

13 granted Plaintiff leave to file an FAC that complied with Rule 8 of the Federal Rules of Civil

14 Procedure and does not exceed a total of 25 pages.  (*Id.* at 3.)  Plaintiff filed a motion for relief

15 from this order pursuant to Rule 60, as well as objections to the magistrate judge's ruling.[1]

16 (Docs. 22, 23.)

17      During the pendency of the Rule 60 motion and objections, on May 2, 2022, Plaintiff

18 filed another motion for leave to file an FAC exceeding 25-pages and lodged a 39-page FAC.

19 (Docs. 27, 28.)  The Court granted Plaintiff's motion:  "Upon review, although the *pro se*

20 Plaintiff has not strictly complied with the prior court orders, the Court will accept Plaintiff's

21 FAC as filed and screen the FAC in due course."  (Doc. 29.)

22      Plaintiff filed a motion requesting the Court to screen the FAC.  (Doc. 34.)

23 Approximately fifteen days later, Plaintiff filed a motion to exceed the 25-page limit in a second

24 amended complaint ("SAC").  (Doc. 35)  Plaintiff submitted his own declaration in support of

25 the motion, asserting:

26

27

28 _____
   [1] The district judge denied the Rule 60 motion and overruled the objections, which were rendered
   moot because the Court granted Plaintiff's leave to file the 39-page first amended complaint.  (*See* Docs.
   28, 31.)

2

1    . . . I amended the complaint for a SAC to add incident where both defendant's
2    Parks and Lirones retaliated against.  The attached exhibits are material evidence
3    of said retaliatory animus. I also attach exhibits to my complaints because the
     evidence is referred to when engaging in settlement discussion(s) and/or for my
4    Demend For Settlement(s). . . . If I tried to make the SAC any shorter it would
     omit some acts of retaliation by defendant's by leaving out the fact(s) leading up
5    to the act(s) of retaliation.

6    (*Id.* at 3 (scrivener's errors in original).)  Plaintiff concurrently lodged a 46-page SAC.  (Doc.

7    36.)

8         Upon preliminary review of the proposed SAC, the Court finds the pleading is

9    inappropriate for screening.  The pleading does not comply with Federal Rule of Civil Procedure

10   8, which requires the complaint to be "a short and plain statement of the claim showing that the

11   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(1). The rule also provides that "[e]ach

12   allegation must be simple, concise, and direct."  *Id.* at 8(d)(1).

13        Although Plaintiff's claims do not present novel or complex legal theories, the SAC

14   consists of 4 pages of the civil rights complaint form and approximately 22 typed pages,[2] with

15   212 paragraphs.  The narrative contains excessive and extraneous details; recreated quotations

16   and conversations; and irrelevant and unhelpful comments.[3]  Because of this, the Court is unable

17   to discern whether Plaintiff's claims have merit.  Plaintiff also attached exhibits that he describes

18   as material evidence of retaliatory animus.  However, such exhibits, particularly the declarations

19   of Pena and Laundry, are unnecessary at this pleading and screening stage of the proceedings.

20   The nature of Plaintiff's First Amendment claims and pertinent facts do not warrant an extension

21   of the 25-page limit.

22        The Court will grant Plaintiff leave to file a third amended complaint ("TAC") that is

23   limited to a total of 25 pages, typed and double spaced, and in compliance with Rule 8.  Absent

24   extraordinary circumstances, the Court will not entertain another request to exceed the 25-page

25   _____

26   [2] The Court greatly appreciates that Plaintiff typed this pleading due to the legibility of his
     previous, handwritten pleadings. However, the document is not double spaced as required by Local Rule
27   130(c), making it lengthier than contemplated by the rule.

28   [3] For example, Plaintiff states:  "[Had] Plaintiff been the same dummy he was 20-years ago he
     would have ass[a]ulted attacked, battered, defendant Parks for the disrespect and yelling at him like he was
     some kind of punk bitch or something . . . ."  (Doc. 36 at 7, ¶ 16.)

limitation.  Plaintiff is reminded that a TAC supersedes the prior complaints.  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Thus, the TAC must be "complete in itself without reference to the prior or superseded pleading."  L.R. 220.

Accordingly, it is hereby ORDERED:

1.      Plaintiff's motion for leave to exceed the page limit for the second amended complaint, (Doc. 35), is DENIED;

2.      Plaintiff shall file, **within thirty (30) days of the date of this Order**, a third amended complaint that complies with Rule 8 and does not exceed a total of **twenty-five (25) pages**.  Alternatively, Plaintiff may voluntarily dismiss this action;

3.      Plaintiff's motion requesting the Court to screen the first amended complaint, (Doc. 34), is DENIED AS MOOT;

4.      Plaintiff's motion requesting the Court to screen the second amended complaint, (Doc. 37), is DENIED AS MOOT;

5.      The Clerk of Court is DIRECTED to provide Plaintiff with a Civil Rights Complaint form.

**If Plaintiff fails to comply with this order, the Court will screen the first amended complaint filed on May 2, 2022, (Doc. 28), in due course.**

IT IS SO ORDERED.

Dated:   __**March 1, 2023**__                    _____

UNITED STATES MAGISTRATE JUDGE

4