UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>A. PARKS,<br><br>        Defendant. | Case No.: 1:21-cv-01496-ADA-CDB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO EXCEED 25-PAGE LIMIT FOR SECOND AMENDED COMPLAINT<br><br>(Doc. 40) |

Plaintiff Ronald F. Martinez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983.

## I.    PROCEDURAL HISTORY

On October 7, 2021, Plaintiff commenced this action by filing a 61-page complaint. (Doc. 1.) Before the Court could screen the complaint, Plaintiff filed a motion to amend the complaint to add a defendant and a retaliation claim. (Doc. 16.) The Court granted the motion and afforded Plaintiff leave to file a first amended complaint ("FAC"), subject to a 25-page limitation:

> . . . Rule 8 requires the complaint to be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). The rule also provides that "[e]ach allegation must be simple, concise, and direct." *Id.* at 8(d)(1). Plaintiff's original complaint is forty-two handwritten pages, including factual details unrelated to his First Amendment claims. Therefore, Plaintiff shall limit his amended complaint to **twenty-five (25) pages**[.]

1  (Doc. 17 at 2) (alteration in original).

2  Despite this order, on February 2, 2022, Plaintiff filed a motion to exceed the page limit
3  for the FAC. (Doc. 19.) At the same time, Plaintiff lodged a 109-page FAC, consisting of 165
4  paragraphs—or approximately 65 pages—of handwritten text. (Doc. 20.) The Court found the
5  lodged FAC was inappropriate for filing and denied the motion to exceed the 25-page limit.
6  (Doc. 21.) The Court again granted Plaintiff leave to file an FAC, not to exceed 25 pages, that
7  complied with Rule 8 of the Federal Rules of Civil Procedure. (*Id.* at 3.)

8  On May 2, 2022, Plaintiff filed another motion for leave to file an FAC exceeding 25-
9  pages and lodged a 39-page FAC. (Docs. 27, 28.) The Court granted Plaintiff's motion: "Upon
10  review, although the *pro se* Plaintiff has not strictly complied with the prior court orders, the
11  Court will accept Plaintiff's FAC as filed and screen the FAC in due course." (Doc. 29.)

12  On October 17, 2022, Plaintiff filed a motion requesting the Court to screen the FAC.
13  (Doc. 34.) Approximately fifteen days later, Plaintiff filed a motion to exceed the 25-page limit
14  in a second amended complaint ("SAC") and lodged a 46-page SAC. (Docs. 35, 36.)

15  On February 21, 2023, Plaintiff filed a motion requesting the Court to screen the SAC.
16  (Doc. 37.) The Court denied the motion to exceed the page limit and determined the lodged SAC
17  was also inappropriate for screening for failure to comply with Rule 8. (Doc. 38.) In particular,
18  the Court stated that ". . . the SAC consists of 4 pages of the civil rights complaint form and
19  approximately 22 typed pages, with 212 paragraphs. The narrative contains excessive and
20  extraneous details; recreated quotations and conversations; and irrelevant and unhelpful
21  comments." (*Id.* at 3.) The Court advised the exhibits attached to the SAC were unnecessary at
22  the pleading and screening stage of the proceedings and indicated:

23  The Court will grant Plaintiff leave to file a third amended complaint ("TAC")
    that is limited to a total of 25 pages, typed and double spaced, and in compliance
24  with Rule 8. Absent extraordinary circumstances, the Court will not entertain
    another request to exceed the 25-page limitation. Plaintiff is reminded that a TAC
25  supersedes the prior complaints. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th
    Cir. 2012). Thus, the TAC must be "complete in itself without reference to the
26  prior or superseded pleading." L.R. 220.

27  (Doc. 38 at 3–4.) Accordingly, the Court ordered:

28  / / /

> Plaintiff shall file, **within thirty (30) days of the date of this Order**, a third amended complaint that complies with Rule 8 and does not exceed a total of **twenty-five (25) pages**. Alternatively, Plaintiff may voluntarily dismiss this action . . . . **If Plaintiff fails to comply with this order, the Court will screen the first amended complaint filed on May 2, 2022, (Doc. 28), in due course.**

(*Id.* at 4) (alteration in original).

In response, Plaintiff filed a motion to exceed the 25-page limit, supported by his own declaration, and lodged a TAC. (Docs. 40, 41.) Plaintiff stated he would not retype the TAC to comply with the double-space requirement of Local Rule 130(c) "because it will just make it longer than the current 27 pages. I just removed the exhibits that the MJ erroneously thinks the evidence is not needed at this pleading stage." (Doc. 40 at 3.) Plaintiff suggests he could remove pages 2A and 2B, which list his thirteen previous lawsuits, but then the information would not be available for review. Plaintiff also disputes the SAC and TAC contain unhelpful comments and contends that relevance of detailed, quoted conversations will be apparent upon screening. Plaintiff asserts the detailed conversations are circumstantial evidence of retaliation or retaliatory animus and proof. (*Id.* at 3–4.)

**II.   DISCUSSION**

    **A.   Motion to Exceed 25-page Limit**

Plaintiff has failed to comply with the Court's order of March 1, 2023. Plaintiff has not demonstrated extraordinary circumstances for filing another request to exceed the 25-page limitation. Instead, Plaintiff disputes the Court's rationale for finding the SAC inappropriate for screening. Therefore, motion shall be denied, and the TAC is deemed inappropriate for screening because it exceeds the 25-page limit in contravention of the Court's order.

    **B.   Lodged Third Amended Complaint**

As Plaintiff acknowledges, the Court's prior order limited the TAC "to a total of 25 pages, typed and double spaced, and in compliance with Rule 8." (Doc. 38 at 3.) The Court reminded Plaintiff that "a TAC supersedes the prior complaints" and must be "complete in itself without reference to the prior or superseded pleading." (*Id.*) (citing *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012); quoting L.R. 220). Rather than filing a TAC consistent with the Court's order and addressing the deficiencies in the SAC identified by the Court, Plaintiff simply

filed an *identical* copy of the SAC without exhibits.

Therefore, as with the SAC, the TAC consists of 4 pages of the civil rights complaint form and approximately 22 typed pages, with 212 paragraphs. The narrative contains excessive and extraneous details; recreated quotations and conversations; and irrelevant and unhelpful comments. Plaintiff urges the Court to screen the TAC first, and "it will discover the relevancy of said detailed conversations and how they support my retaliation allegations." (Doc. 40 at 4.) However, the Court previously advised it is unable to discern whether Plaintiff's claims have merit. (Doc. 38 at 3.) In other words, because the allegations in the SAC are so convoluted, the Court cannot properly screen the SAC. For this reason, the Court granted Plaintiff leave to amend the SAC to comply with the Local Rules and Rule 8 of the Federal Rules of Civil Procedure. By simply refiling a copy of the SAC and labeling it as a TAC, Plaintiff has failed to comply with the Court's order.

**C.     Rule 8**

Plaintiff contends that the magistrate judge "erroneously thinks the evidence is not needed at this pleading stage." (Doc. 40 at 3.) Plaintiff argues the recreated conversations and comments "are necessary to prove defendants [sic] retaliation against me and prove I am not lying or exaggerating . . . . (*Id.*) Plaintiff further argues his detailed narrative and recreated conversations are "circumstantial evidence of retaliatory animus." (*Id.* at 4.)

In its prior order, the Court advised Plaintiff Rule 8 requires the complaint to be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). The rule also provides that "[e]ach allegation must be simple, concise, and direct." *Id.* at 8(d)(1). Rule 8(a) is violated when a complaint is excessively "verbose, confusing and almost entirely conclusory." *Nevijel v. N. Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir. 1981), *cited in Gray v. Geisel*, 611 F. App'x 442, 443 (9th Cir. 2015); *see also McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996) (affirming a dismissal under Rule 8 and recognizing that "[p]rolix, confusing complaints . . . impose unfair burdens on litigants and judges").

Despite being given the opportunity to file a TAC that complies with Rule 8, Plaintiff elected to refile the SAC, which the Court previously determined was inappropriate for screening. Therefore, the Court again finds the pleading fails to comport with Rule 8, and Plaintiff has failed

4

to comply with the Court's Order of March 1, 2023. (Doc. 38.)

### III. CONCLUSION

The Court previously advised: **"If Plaintiff fails to comply with this order, the Court will screen the first amended complaint filed on May 2, 2022, (Doc. 28), in due course."** (*Id.* at 4) (alteration in original). Therefore, the first amended complaint is the operative complaint for screening purposes. The Court again advises Plaintiff it will screen the first amended complaint in due course. Plaintiff may not refile his motion to screen the first amended complaint (Doc. 34.); such unnecessary pleadings waste valuable resources of the Court and interfere with the Court's management of its docket. Moreover, the Court will not entertain another amended pleading.

Accordingly, it is hereby ORDERED that Plaintiff's motion for leave to exceed the 25-page limit for the third amended complaint, (Doc. 40), is DENIED.

IT IS SO ORDERED.

Dated:   **May 19, 2023**                                    _____
UNITED STATES MAGISTRATE JUDGE