UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ,<br><br>             Plaintiff,<br><br>     v.<br><br>A. PARKS,<br><br>             Defendant. | Case No.: 1:21-cv-001496-KES-CDB<br><br>**ORDER REGARDING PLAINTIFF'S FILINGS OF JULY 14 AND JULY 21, 2025**<br><br>(Docs. 67 & 68) |

Plaintiff Ronald F. Martinez is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

### I.     INTRODUCTION

The Court issued its Order Referring Case to Post-Screening ADR and Staying Case for 120 Days on April 18, 2025. (Doc. 62.)

On June 2, 2025, the parties to this action indicated their willingness to participate in a settlement conference. (*See* Docs. 63 [Defendants] & 64 [Plaintiff].)

Thereafter, Magistrate Judge Erica P. Grosjean issued her Order Setting Settlement Conference and Settlement Conference Procedures on July 10, 2025. (Doc. 66.) Pre-settlement calls were set for September 9, 2025, and the settlement conference was set for September 16, 2025, at 1:00 p.m. via Zoom Videoconference. (*Id*.)

1    On July 14, 2025, Plaintiff filed a document titled "Plaintiff's Motion Requesting the
2  Administrate Relief of a Copy of Plaintiff's Objections to the Declaration of Counsel in Support
3  of Defendant's Ex Parte Application for a Second [Extension] of Time." (Doc. 67.)

4    On July 21, 2025, Plaintiff filed a document titled "Plaintiff's Motion Requesting the
5  Court to [Schedule] an Informal Discovery Conference Re: Defendants Refusal to Respond to
6  Plaintiff's Informal Discovery [Requests] in Preparation of an ADR Settlement Conference."
7  (Doc. 68.)

8  **II.    DISCUSSION**

9  *Plaintiff's Filing of July 14, 2025*

10  Plaintiff states he had "a 'Senior moment' and forgot to take" a motion to the law library
11  on July 8, 2025, and was not permitted "to leave to get his legal paper (motion) for copies." As a
12  result, he asks this Court for "a Copy of Plaintiff's Objections to the Declaration of Counsel in
13  Support of Defendants Ex Parte Application for a Second Extension of Time …."

14  A review of the docket for this action reveals only a single request by Defendants for a 21-
15  day extension of time concerning the filing of their responsive pleading. (*See* Doc. 58.) The Court
16  granted the request (*see* Doc. 59) and about a week later Plaintiff filed his objections (*see* Doc.
17  60). Defendants did not seek a *second* extension of time regarding that deadline and in fact filed
18  their timely answer to the operative complaint on April 18, 2025. (Doc. 61.)

19  To the extent Plaintiff seeks a copy of his objections filed April 8, 2025, in this action, as
20  a one-time courtesy, the Court will direct the Clerk of the Court to provide Plaintiff with a copy
21  of that document.

22  Lastly, the undersigned notes that in another action filed by Plaintiff and currently
23  pending in this Court — *Martinez v. Rodriguez*, Case Number 1:21-cv-01495-JLT-CDB —
24  defense counsel sought two extensions of time concerning the deadline for submitting the Notice
25  Regarding Early Settlement Conference. (*See* 1:21-cv-01495 docket entry numbers 49 & 53.)
26  And Plaintiff filed objections to the second extension request on July 14, 2025, in that action. (*See*
27  1:21-cv-01495 docket entry number 57.) Out of an abundance of caution and as a one-time
28  courtesy, the Court will direct the Clerk of the Court to also provide Plaintiff with a copy of those

2

1 | objections.

## *Plaintiff's Filing of July 21, 2025*

Briefly stated, Plaintiff requests the Court to schedule this matter for an informal discovery conference because Plaintiff served 25 interrogatories directed to Defendant Parks and 24 interrogatories directed to Defendant Lirones, as well as 16 requests for admissions directed to Parks and 19 requests for admissions directed to Lirones, identified by Plaintiff as "Informal Discovery [Requests]," in anticipation of the forthcoming settlement conference. Plaintiff maintains his requests comply with the Court's April 18, 2025, order and states Defendants have refused to respond to his requests on the basis those requests amount to formal discovery which the Court has not yet ordered. Plaintiff argues Defendants should be ordered to respond to his requests and to pay his expenses.

Plaintiff is mistaken in his belief that interrogatories and requests for admission are informal discovery as contemplated by the Court's order issued April 18, 2025. Significantly, the order provides the parties "*may* engage in informal discovery to prepare for the settlement conference." (Doc. 62 at 2, emphasis added.) Thus, Defendants are *not required* to engage in informal discovery. The Court's April 18 order stayed the action 120 days, directed the parties to file notice within 45 days of whether they wished to participate in an early settlement conference, and if all parties were amenable to participating in a settlement conference, directed defense counsel to contact the undersigned's courtroom deputy within 60 days. (*Id*.) It did not require informal discovery, nor did the order contemplate the parties would engage in formal discovery prior to a settlement conference. Moreover, Judge Grosjean's order makes no mention of informal discovery. (*See* Doc. 66.) Notably too, it is clear from Plaintiff's filing that the parties have met and conferred by telephone about this issue. The Court finds its April 18, 2025, order has been complied with and declines to set this matter for an informal discovery conference. Plaintiff will have an opportunity to conduct the discovery he seeks if this matter does not settle in September and after the Court has issued its Discovery and Scheduling Order in this action.

Further, the discovery requested by Plaintiff, and characterized by Plaintiff as informal, is, in fact, *formal* discovery. Because this Court has not yet issued a Discovery and Scheduling Order

3

in this matter, those discovery requests are premature.

The parties are expected to participate in the settlement conference presently set before Magistrate Judge Grosjean on September 16, 2025. Relatedly, the parties are expected to comply with Judge Grosjean's July 10, 2025, order. (*See* Doc. 66 at 2-3 [regarding informal settlement negotiations and the preparation of confidential settlement conference statements].)

### III.   CONCLUSION AND ORDER

For the reasons given above, the Court **HEREBY ORDERS**:

1. Plaintiff's motion filed July 14, 2025 (Doc. 67) is **GRANTED**;
2. The Clerk of the Court is **DIRECTED** to provide Plaintiff with copies of the following documents:
    a. Plaintiff's objections filed *in this action* on April 8, 2025, at docket number 60; and
    b. Plaintiff's objections filed in *Martinez v. Rodriguez*, case number 1:21-cv-01495-JLT-CDB, filed July 14, 2025, at docket number 57, in that action; and
3. Plaintiff's motion filed July 21, 2025 (Doc. 68) is **DENIED**.

IT IS SO ORDERED.

Dated:   **August 4, 2025**

UNITED STATES MAGISTRATE JUDGE

4