UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ,<br><br>         Plaintiff,<br><br>   v.<br><br>A. PARKS,<br><br>         Defendant. | Case No.: 1:21-cv-001496-KES-CDB<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO OPPOSE PLAINTIFF'S PENDING MOTIONS**<br><br>(Doc. 83) |

Plaintiff Ronald F. Martinez is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.      INTRODUCTION**

On December 29, 2025, Plaintiff filed three motions: (1) "Plaintiff's Rule 36(a)(6) Motion to Determine the Sufficiency of Defendants Generic, Boilerplate Objections and Request the Matters Deemed Admitted [Defendant Parks Responses to RFA (SET ONE)];" (2) "Plaintiff's Rule 36(a)(6) Motion to Determine the Sufficiency of Defendant's Boilerplate Objections and Order the Matters Deemed Admitted; Intentional Rule 26(e), and Rule 37(c)(2) Violations [DEFENDANT LIRONES'ES RESPONSES TO RFA (SET ONE & TWO)];" and (3) "Plaintiff's Motion for Fees and Expenses in Proving Matter that Should Have Been Admitted," citing Rules 36(a)(6) and 37(a)(4-5), (c)(2). (Docs. 80-82)

1    On January 8, 2026, Defendants filed a motion for extension of time within which to respond to Plaintiff's motions concerning the requests for admissions propounded to Defendants Parks and Lirones. (Doc. 83.)

**II.   DISCUSSION**

District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). When an act must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A).

Defendants seek an extension from January 12, 2026,[1] to January 26, 2026, within which to oppose Plaintiff's motions. (Doc. 83 at 3-4.) Deputy Attorney General I. Vazirani declares Plaintiff served a total of 80 requests for admission and that counsel requires additional time to "thoroughly review and address each disputed request for admission," a process that will require significant time. (*Id*. at 5, ¶ 2.) Counsel notes Plaintiff's motions were filed during the period counsel was out of the office, only having returned on January 7, 2026. (*Id*.) This is Defendants' first request for an extension of time and counsel declares the request is not made to harass Plaintiff or to delay the litigation. (*Id*., ¶ 3.)

The Court finds good cause to grant the requested extension of time.

**III.   CONCLUSION AND ORDER**

Accordingly, the Court **HEREBY ORDERS** that:

1. Defendants' motion for an extension of time (Doc. 83) within which to oppose Plaintiff's pending motions is **GRANTED**; and

//

//

//

---

[1] Although not filed with the Court until December 29, 2025, Plaintiff's motions were served on December 19, 2025 (*see* Doc. 80 at 43; Doc. 81 at 96; Doc. 82 at 17), making any opposition due no later than January 9, 2026. *See* Local Rule 230(*l*) ("Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion").

2

2. Defendants **SHALL** file any opposition to the pending motions **no later than January 26, 2026.**

IT IS SO ORDERED.

Dated:  **January 9, 2026**

UNITED STATES MAGISTRATE JUDGE

3