UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ,<br><br>             Plaintiff,<br><br>      v.<br><br>A. PARKS,<br><br>             Defendant. | Case No.: 1:21-cv-001496-KES-CDB<br><br>**ORDER FINDING THE PARTIES' JOINT STIPULATION TO STAY BRIEFING SCHEDULE ELAPSED**<br><br>(Doc. 87)<br><br>**ORDER SETTING DEADLINES TO OPPOSE PLAINTIFF'S PENDING MOTIONS**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FILED MARCH 31, 2026**<br><br>(Doc. 89)<br><br>**ORDER MODIFYING THE DISCOVERY AND SCHEDULING ORDER** |

Plaintiff Ronald F. Martinez is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

### I.      RELEVANT BACKGROUND

On September 17, 2025, the Court issued its Discovery and Scheduling Order. (Doc. 79.) Relevant here, the deadline for the completion of discovery was set for May 17, 2026, and the deadline for filing dispositive motions was set for July 27, 2026. (*Id*.)

On December 29, 2025, Plaintiff filed the following three motions:

1. "Plaintiff's Rule 36(a)(6) Motion to Determine the Sufficiency of Defendants Generic, Boilerplate Objections and Request the Matters Deemed Admitted" (Doc. 80)

2. "Plaintiff's Rule 36(a)(6) Motion to Determine the Sufficiency of Defendant's Boilerplate Objections and Order the Matters Deemed Admitted; Intentional Rule 26(e), and Rule 37(c)(2) Violations" (Doc. 81)

3. "Plaintiff's Motion for Fees and Expenses in Proving Matter that Should Have Been Admitted" (Doc. 82)

On January 8, 2026, Defendants Lirones and Parks sought an extension of time within which to respond to Plaintiff's pending motions. (Doc. 83.)[1] The following day, the Court granted Defendants' request, extending the deadline within which to oppose the motions to January 26, 2026. (Doc. 84.)

On January 21, 2026, before the extended deadline for opposing the pending motions had passed, the parties filed a Joint Stipulation to Stay Briefing Schedule for 60 Days. (Doc. 86.) The joint stipulation was signed and dated by Plaintiff and Deputy Attorney General Isha Vazirani that same date. (*Id*. at 1.) The following day, the Court granted the stipulation "to stay the briefing schedule," allow the parties an opportunity to "resolve discovery disputes and assess possible resolution." (Doc. 87.) The parties were directed to notify the Court "immediately if the matter resolves or if discussions to resolve this matter are unsuccessful, after which the Court will set a new deadline to file dispositive motions." (*Id*.)

On March 31, 2026, Plaintiff filed a document titled "Plaintiff's Motion Requesting the Court to Lift the 60-Day; Defendant's/Counsel Acted in Bad-Faith Requesting 60-Day Stay by Failing, Refusing to Try and 'Possible' Resolve the Case; Impose Sanctions." (Doc. 89.) Defendant did not timely file either an opposition or statement of non-opposition as required. *See*

---

[1] Plaintiff filed objections to Defendants' request for an extension of time on January 20, 2026. Plaintiff is reminded that district courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012).

Local Rule 230(l).

## II.   DISCUSSION

First, the Court notes the 60-day stipulated stay concerning briefing has elapsed. 60 days from January 22, 2026 (the date the Court granted the parties' stipulation) was March 23, 2026. Therefore, as it stands, discovery remains ongoing and Plaintiff's motions filed December 29, 2025, remain pending on the Court's docket.

Next, the Court will set a deadline for Defendants to file an opposition or statement of non-opposition to Plaintiff's pending motions as the previously set deadline fell after the parties' joint stipulation stayed that briefing.

As concerns Plaintiff's motion filed March 31, 2026 (Doc. 89), it is untimely. Plaintiff signed and dated his motion on March 12 (*id*. at 8) and March 13 (*id*. at 6, 10) but the motion was not served until either March 24 or March 27 (*id*. at 14 [handwritten date difficult to discern]). Whether Plaintiff served the motion on March 24 or March 27, both dates are past the relevant March 23 60-day stipulated stay, making Plaintiff's motion moot.

Finally, the Court will modify the scheduling order to reset the deadlines for the completion of discovery and the filing of dispositive motions, allowing for the resolution of Plaintiff's pending motions following completed briefing and for the parties to complete discovery prior to the filing of pre-trial dispositive motions.

## III.   CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1. The parties' stipulated stay of briefing elapsed on March 23, 2026;

2. Defendants **SHALL** file any opposition or statement of non-opposition to Plaintiff's pending motions (Doc. 80-82) **no later than May 15, 2026**;[2]

3. Plaintiff's motion filed March 31, 2026 (Doc. 89) is **DENIED** as moot; and

4. The Discovery and Scheduling Order is **MODIFIED** as follows:

   a.   The deadline for the completion of all discovery, including the filing of all

---

[2] Plaintiff shall file any optional reply within 14 days. *See* Local Rule 230(*l*).

3

motions to compel, is **extended** from May 17, 2026, **to August 17, 2026**; and

   b.  The deadline for filing all dispositive motions is **extended** from July 27, 2026, **to October 16, 2026**.

IT IS SO ORDERED.

Dated:   **April 28, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

4