UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RONALD F. MARTINEZ,

Plaintiff,

v.

A. PARKS,

Defendant.

Case No.: 1:21-cv-001496-KES-CDB

**ORDER RESOLVING PLAINTIFF'S PENDING MOTIONS INVOLVING DISCOVERY**

(Docs. 80, 81, 82)

Plaintiff Ronald F. Martinez is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's First Amendment retaliation claims[1] against Defendants Lirones and Parks.

## I. RELEVANT BACKGROUND

On December 29, 2025, Plaintiff filed the following documents: "Plaintiff's Rule 36(a)(6) Motion to Determine the Sufficiency of Defendants Generic, Boilerplate Objections and Request the Matters Deemed Admitted" (Doc. 80), "Plaintiff's Rule 36(a)(6) Motion to Determine the Sufficiency of Defendant's Boilerplate Objections and Order the Matters Deemed Admitted; Intentional Rule 26(e), and Rule 37(c)(2) Violations" (Doc. 81), and "Plaintiff's Motion for Fees

[1] "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

and Expenses in Proving Matter that Should Have Been Admitted" (Doc. 82).

On January 9, 2026, the Court granted Defendants an extension of time to oppose the pending motions. (Docs. 83 & 84.)

On January 21, 2026, the parties filed a stipulation and proposed order to stay the briefing schedule; the following day, the Court issued its Order on Joint Stipulation to Stay Briefing Schedule for 60 Days. (Docs. 86 & 87.) The parties were directed to notify the Court "immediately if the matter resolves or if discussions to resolve this matter are unsuccessful …." (Doc. 87.)

On March 31, 2026, Plaintiff filed a document titled "Plaintiff's Motion Requesting the Court to Lift the 60-Day [Stay]; Defendant's/Counsel Acted in Bad-Faith Requesting 60-Day Stay by Failing, Refusing to Try and 'Possible' Resolve the Case; Impose Sanctions." (Doc. 89.)

On April 29, 2026, the Court issued its Order Finding the Parties' Joint Stipulation to Stay Briefing Schedule Lapsed, Order Setting Deadlines to Oppose Plaintiff's Pending Motions, Order Denying Plaintiff's Motion Filed March 31, 2026, and Order Modifying the Discovery and Scheduling Order. (Doc. 90.)

On May 15, 2026, Defendants filed their opposition to Plaintiff's pending motions. (Doc. 91.) Plaintiff did not file a reply.

## II. DISCUSSION

### *Summary of the Parties' Briefing*

Plaintiff contends Defendants' responses to his requests for admissions, propounded on September 2, 2025, are insufficient because they assert boilerplate objections in violation of the Court's discovery order. He maintains that despite several meet and confer letters, Defendants have failed to provide sufficient responses. Plaintiff asserts defense counsel has acted in bad faith and asks the Court to "summarily overrule every single boilerplate objection(s) here and sua sponte issues sanctions against" Defendants and defense counsel for obstructing the discovery process. He asserts the Court should exercise its discretion "to admonish, and sanction defendants, specially defense counsel Vazirani for her refusal/failure to adhere" to the Court's order and to "summarily 'overrule' every single evasive, generic, non-sensical, BOILERPLATE

OBJECTION(S) asserted in BAD-FAITH by counsel." (*See* Docs. 80 & 81, generally.)

In a separate motion, Plaintiff moves the Court for an order pursuant to Rule 37(c) requiring Defendants and defense counsel to pay $2,000 to Plaintiff for "reasonable expenses including attorney fees." (*See* Doc. 82, generally.)

Defendants oppose the pending motions. Specifically, Defendant Parks argues the responses to Plaintiff's request for admission were sufficient because Plaintiff employed vague and ambiguous terms that were consequently overbroad in scope and sought information not relevant to Plaintiff's First Amendment retaliation claim. Defendant Parks asks the Court to find the responses sufficient, but should the Court deem it necessary, Parks offers to "meet and confer with Plaintiff regarding the information sought by these requests." Separately, Defendant Lirones contends the request for admissions vague and ambiguous and overbroad in scope and others "were harassing, compound, or sought irrelevant information." Defendant Lirones maintains her responses were sufficient and requests that the Court deny Plaintiff's motion as a result. Finally, Defendants oppose Plaintiff's motion for fees and expenses, contending Plaintiff is not entitled to attorney's fees on several bases. Defendants request Plaintiff's motion be denied. (*See* Doc. 91, generally.)

***Applicable Legal Standards***

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)). The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *U.S. ex rel. O'Connell v. Chapman University*, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation & citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

> discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

*Id*. "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

Rule 36(a)(1) of the Federal Rules of Civil Procedure authorizes a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Requests for admission serve "to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. Southern Pacific Transp. Co*., 669 F.2d 1242, 1245 (9th Cir. 1981); *Thorpe v. Hearn*, No. 2:19-cv-1974 KJM KJN P, 2022 WL 902891, at *2 (E.D. Cal. Mar. 28, 2022) ("[T]he purpose of requests for admission is to narrow the issues for trial by identifying and eliminating those matters on which the parties agree" [citation & quotation omitted]). Rule 36(a)(4) provides as follows concerning the contents of a response:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

If the requesting party is dissatisfied with responses to its requests for admissions, it may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. Fed.

R. Civ. P. 36(a)(6).

***Analysis***

**Plaintiff's Request for Admission (RFA) to Defendant Parks**

RFA No. 1:

> ADMIT. YOUR WORK SUPERVISORS REPORT ("WSR" [hereafter]) of 4/29/2021, is a TRUE copy [attached] as EXHIBIT A. (See Pl.'s EXHIBITS TO DISCOVERY REQUESTS.)

Response to RFA No. 1:

> Defendant objects to this request on the basis that it is vague and ambiguous as to the term "true copy" such that Defendant must speculate regarding its intended meaning. Defendant further objects to this request on the basis that it is overly broad in scope.
>
> Based on the foregoing, Defendant denies.

Explanation of Response to Request:

> Defendant Parks objected to this request on the basis that it was vague and ambiguous as to the term "true copy" because she could not determine what Plaintiff referenced by that term. *See Quezada v. Lindsey*, 2014 U.S. Dist. LEXIS 154102. The term "true copy" is subject to various interpretations. Due to its use of a vague and ambiguous term, Plaintiff's request is overly broad in scope.
>
> Defendant Parks's personal knowledge was also insufficient to enable her to admit or deny the authenticity of Plaintiff's Attachment A and denied the request on that basis. Defendant was unclear where the copy of this document came from, or if it was true and correct copy of the original document. Accordingly, Defendant Parks maintains her response to this request.

Ruling re RFA No. 1:

Initially the Court observes that Plaintiff did not provide a copy of the exhibit or attachment referenced in his RFA No. 1. In any event, Parks' objection that the "term 'true copy'" is vague and ambiguous is not well taken. In the context of Rule 36, where a party may ask another to admit or deny the genuineness of a document, common sense suggests Plaintiff is asking Parks to admit or deny the genuineness of a "WORK SUPERVISORS REPORT" dated April 29, 2021, that Parks allegedly authored. Presuming the document itself was attached to Plaintiff's RFAs, the Court is left to question how the term "true copy" could be vague or ambiguous in this context. A party may not avoid responding to a request for admission "based on

an overly-technical reading of the request." *U.S. ex rel. Englund v. Los Angeles County,* 235 F.R.D. 675, 684 (E.D. Cal. 2006); *Marchand v. Mercy Medical Center,* 22 F.3d 933, 936 (9th Cir. 1994) (parties responding to requests for admission "should focus on the goal of the Rules, full and efficient discovery, not evasion and word play"); *see Atcherley v. Clark*, No. 1:12-cv-00225 LJO DLB (PC), 2014 WL 5880160, at *3 (E.D. Cal. Nov. 12, 2014) ("Defendant also argues that the request is vague and ambiguous, contending that it does not define which knee surgery, what type of knee surgery, the events surrounding that post-operative process, the definition of 'normal,' and/or the nature of 'leakage and drainage.' … While the Court recognizes that Plaintiff's request is not well-defined, it also recognizes that Plaintiff is proceeding pro se. In such circumstances, common sense plays a large role in resolving discovery disputes"); *Fernandez v. Centric*, No. 3:12-cv-00401-LRH-WGC, 2013 WL 5551031, at *10, n.9 (D. Nev. Oct. 4, 2013) ("Plaintiff's Seventh Set of Requests for Admissions … actually reflects the appropriate use of such requests. These requests seek admission of genuineness of documents, that certain documents are 'true copies,' that certain other documents are public records, etc. … This type of discovery is the appropriate use of the Rule 36 request for admission mechanism").

Next, in her explanation, Parks states that her "personal knowledge was also insufficient to enable her to admit or deny the authenticity of Plaintiff's Attachment A and denied the request on that basis." Even without the benefit of having a copy of the attachment or exhibit referred to, given Plaintiff's reference to "*YOUR* WORK SUPERVISORS REPORT" in the request, in the absence of any further explanation, the Court questions Parks' assertion that her personal knowledge is "insufficient." Next, Parks objected on the basis it "was unclear where the copy of this document came from, or if it was true and correct copy of the original document." Apparently the term "true and correct copy" (versus "TRUE" copy) is unambiguous; nevertheless, to any extent Parks is the purported author of the document at issue, the Court imagines she would be capable of determining whether the document is a "copy of the original document."

Defendant Parks' vague and ambiguous objection is overruled. In the absence of further explanation, her objections concerning insufficient personal knowledge and lack of clarity concerning the document's origin are overruled. Defendant Parks will be directed to amend her

response to RFA No. 1.

RFA No. 2:

> ADMIT. The Notice/Flyer of ATTENTION-4A LEGAL USERS and redacted OPTIONS for 4A Inmates to copy/mail-out legal documents, that was issued by YOU to MARTINEZ on 8/19/2021, attached as EXHIBIT D, is a TRUE COPY. Attached in Exhibit A.

Response to RFA No. 2:

> Defendant objects to this request on the basis that it is vague and ambiguous as to the terms "true copy" and "issued" such that Defendant must speculate regarding their intended meaning. Defendant further objects to this request on the basis that it is overly broad in scope.
>
> Based on the foregoing, Defendant denies.

Explanation of Response to Request:

> Defendant Parks objected to this request on the basis that it was vague and ambiguous as to the terms "true copy" and "issued" because she could not determine what Plaintiff referenced by that term. The terms "true copy" and "issued" are subject to various interpretations. Due to its use of a vague and ambiguous term, Plaintiff's request is overly broad in scope.
>
> Defendant Parks's personal knowledge was also insufficient to enable her to admit or deny the authenticity of Plaintiff's exhibits and denied the request on that basis. Defendant was unclear where the copy of this document came from, or if it was true and correct copy of the original document. Accordingly, Defendant Parks maintains her response to this request.

Ruling re RFA No. 2:

The Court notes that Plaintiff provided the referenced exhibit or attachment in his moving papers. (*See* Doc. 81 at 78-79.) As above, Defendant Parks' objection to the term "true copy" as vague and ambiguous is overruled. Likewise, her objection to the term "issued" is overruled in the context of the request. By identifying Parks as the purported author of the document, Plaintiff's use of the term "issued" plainly suggests Parks disseminated the document on August 19, 2021. *Englund,* 235 F.R.D. at 684 (quoting *Marchand,* 22 F.3d at 936). Parks' objection based on insufficient personal knowledge is overruled for the same reasons explained above. Defendant Parks will be directed to amend her response to RFA No. 2.

RFA No. 3:

> ADMIT. YOU did NOT Call for MARTINEZ to be [escorted] to Facility C, law library to sign/date YOU WORK SUPERVISOR'S REPORT of 4/29/2021.

Response to RFA No. 3:

> Defendant objects to this request on the basis that it is vague and ambiguous as to the term "call for" such that Defendant must speculate regarding its intended meaning. Defendant further objects to this request on the basis that it is overly broad in scope. Defendant additionally objects to this request on the basis that it seeks discovery that is not relevant to the claim or defense of any party.
>
> Based on the foregoing, Defendant denies.

Explanation of Response to Request:

> Defendant Parks objected to this request on the basis that it was vague and ambiguous as to the term "call for" because she could not determine what Plaintiff referenced by that term. Due to its use of a vague and ambiguous term, Plaintiff's request is overly broad in scope. Plaintiff's request also seeks information that is not relevant to his claim that Defendant Parks retaliated against him in violation of the First Amendment. Accordingly, Defendant Parks maintains her response to this request.

Ruling re RFA No. 3:

Defendant Parks' objections here are sustained. As used, the term "Call for" is vague and ambiguous in RFA No. 3. And as such, the request does not appear to be relevant to Plaintiff's retaliation claim against Parks. Plaintiff's motion will be denied as to RFA No. 3.

RFA No. 4:

> ADMIT. YOU did NOT request any C/O's to take YOUR WORK SUPERVISOR'S REPORT of 4/29/2021, to MARTINEZ's housing unit to be sign/dated by MARTINEZ.

Response to RFA No. 4:

> Defendant objects to this request on the basis that it is vague and ambiguous as to the term "request" such that Defendant must speculate regarding its intended meaning. Defendant further objects to this request on the basis that it is overly broad in scope.
>
> Based on the foregoing, Defendant denies.

Explanation of Response to Request:

> Defendant Parks objected to this request on the basis that it was vague and ambiguous as to the term "request" because she could not

> determine what Plaintiff referenced by that term. The term "request" is subject to various interpretations. Due to its use of a vague and ambiguous term, Plaintiff's request is overly broad in scope. Accordingly, Defendant Parks maintains her response to this request.

<u>Ruling re RFA No. 4</u>:

Parks' objection that the "term 'request'" is vague and ambiguous and requires her to speculate is not well taken. In the context of Rule 36, where a party may ask another to admit or deny facts, common sense suggests Plaintiff is asking Parks to admit or deny whether she asked any correctional officer to provide the document to Plaintiff in order to obtain his signature. *Cf. Marti v. Baires*, No. 1:08-cv-00653-AWI-SKO PC, 2012 WL 2029720, at *5 (E.D. Cal. June 5, 2012) (disagreeing that challenged interrogatory was vague, ambiguous, and unintelligible, and noting that "Defendant could have and should have made a reasonable effort to respond."). Defendant Parks will be directed to amend her response to RFA No. 4.

<u>RFA No. 5</u>:

> ADMIT. YOU lied, fabricated, on YOUR WORK SUPERVISOR'S REPORT of 4/29/2021, that MARTINEZ refused to sign it.

<u>Response to RFA No. 5</u>:

> Defendant objects to this request on the basis that it is vague and ambiguous as to the term "fabricated" such that Defendant must speculate regarding its intended meaning. Defendant additionally objects to this request because it is argumentative and harassing.
>
> Based on the foregoing, Defendant denies.

<u>Explanation of Response to Request</u>:

> Defendant Parks objected to this request on the basis that it was vague and ambiguous as to the term "fabricated" because she could not determine what Plaintiff referenced by that term. The term "fabricated" is subject to various interpretations. The language within Plaintiff's request additionally makes it argumentative and harassing. Accordingly, Defendant Parks maintains her response to this request.

<u>Ruling re RFA No. 5</u>:

Parks' objection that the "term 'fabricated'" is vague and ambiguous and "subject to various interpretations" is not well taken. In the context of Rule 36, where a party may ask another to admit or deny facts, common sense suggests Plaintiff is asking Parks to admit or deny

whether she truthfully reported that Plaintiff refused to sign the document at issue. That is particularly true where the request asks Parks to admit she "lied." Parks' position that the term "fabricated" is vague and ambiguous where it immediately follows the word "lied" borders on being frivolous. *See Marti*, 2012 WL 2029720, at *5 Defendant Parks will be directed to amend her response to RFA No. 4.

RFA No. 6:

> ADMIT: YOU hired MARTINEZ as a law clerk because of his extensive legal experience in both civil and [criminal] law and procedures. TWICE!

Response to RFA No. 6:

> Defendant objects to this request on the basis that it is vague and ambiguous as to the term "extensive" such that Defendant must speculate regarding its intended meaning. Defendant further objects to this request on the basis that it is overly broad in scope. Defendant additionally objects to this request on the basis that it seeks discovery that is not relevant to the claim or defense of any party. Defendant also objects to this request on the basis that it is compound.
>
> Based on the foregoing, Defendant denies.

Explanation of Response to Request:

> Defendant Parks objected to this request on the basis that it was vague and ambiguous as to the term "extensive" because she could not determine what Plaintiff referenced by that term. The term "extensive" is subject to various interpretations. Furthermore, no time frame was provided in Plaintiff's request. Due to its use of a vague and ambiguous term, Plaintiff's request is overly broad in scope. Plaintiff's request also seeks information that is not relevant to his claim that Defendant Parks retaliated against him in violation of the First Amendment. Accordingly, Defendant Parks maintains her response to this request.

Ruling re RFA No. 6:

Defendant Parks' vague and ambiguous objection is overruled. Further, the Court does not find the request to be compound; it is overruled on that basis as well. However, Defendant's objection that the request seeks discovery that is not relevant to Plaintiff's claim is sustained. It is not clear to the Court how Parks' hiring of Plaintiff to work in the law library on two occasions is relevant to whether Parks retaliated against Plaintiff. Plaintiff's motion will be denied as to RFA No. 6.

RFA No. 7:

> ADMIT: YOU would get angry with MARTINEZ when assisting inmates with civil rights lawsuits.

Response to RFA No. 7:

> Defendant objects to this request on the basis that it is vague and ambiguous as to the term "assisting" such that Defendant must speculate regarding its intended meaning. Defendant further objects to this request on the basis that it is overly broad in scope and time. Defendant additionally objects to this request on the basis that it assumes facts not in evidence.
>
> Based on the foregoing, Defendant denies.

Explanation of Response to Request:

> Defendant Parks objected to this request on the basis that it was vague and ambiguous as to the term "assisting" because she could not determine what Plaintiff referenced by that term. The term "assisting" is subject to various interpretations. Due to its use of a vague and ambiguous term, Plaintiff's request is overly broad in scope. Plaintiff also fails to specify a time period for which he seeks information in his request. In discussing Plaintiff's conduct relating to his work with other inmates, Plaintiff's request assumes facts not in evidence. Accordingly, Defendant Parks maintains her response to this request.

Ruling re RFA No. 7:

Parks' objection that the "term 'assisting'" is vague and ambiguous and "is subject to various interpretations" is not well taken. In the context of Rule 36, where a party may ask another to admit or deny facts, common sense suggests Plaintiff is asking Parks to admit or deny whether she became angry when she reportedly learned of instances wherein Plaintiff offered to help other inmates with their legal paperwork involving a civil rights action the inmate had filed. *Englund,* 235 F.R.D. at 684 (citing *Marchand,* 22 F.3d at 936). Parks' objection that the "request assumes facts in evidence" is improper. *Taylor v. Cnty. of Calaveras*, No. 1:18-cv-00760-BAM, 2019 WL 6341131, at *4 (E.D. Cal. Nov. 27, 2019) (merely objecting to an RFA because it purportedly "assumes facts" is improper). Defendant Parks will be directed to amend her response to RFA No. 7.

RFA No. 8:

> ADMIT: The court order to submit application to proceed IFP in

> EXHIBT B, is a true copy. MARTINEZ v. PARKS, Case No. 1:21-cv-01496-JLT.)

Response to RFA No. 8:

> Defendant objects to this request on the basis that it is vague and ambiguous as to the term "true copy" such that Defendant must speculate regarding its intended meaning. Defendant further objects to this request on the basis that it is overly broad in scope.
>
> Based on the foregoing, Defendant denies.

Explanation of Response to Request:

> Defendant Parks objected to this request on the basis that it was vague and ambiguous as to the term "true copy" because she could not determine what Plaintiff referenced by that term. The term "true copy" is subject to various interpretations. Due to its use of a vague and ambiguous term, Plaintiff's request is overly broad in scope.
>
> Defendant Parks's personal knowledge was also insufficient to enable her to admit or deny the authenticity of Plaintiff's Attachment B and denied the request on that basis. Accordingly, Defendant Parks maintains her response to this request.

Ruling re RFA No. 8:

Plaintiff did not provide a copy of the exhibit referenced in RFA No. 8. In any event, Parks' vague and ambiguous and "subject to various interpretations" objections concerning the phrase "true copy" are overruled for the reasons previously stated. Parks' objection on the basis of insufficient personal knowledge is sustained. Plaintiff's motion will be denied as to RFA No. 8.

RFA No. 9:

> ADMIT: In or about October 2021, defendant LIRONES informed YOU MARTINEZ filed a lawsuit against YOU, from the court order for IFP in EXHIBIT B.

Response to RFA No. 9:

> Defendant objects to this request on the basis that it is vague and ambiguous as to the terms "informed" and "from the court order for IFP" such that Defendant must speculate regarding its intended meaning. Defendant further objects to this request on the basis that it is overly broad in scope. Defendant additionally objects to this request on the basis that it is unintelligible as drafted.
>
> Based on the foregoing, Defendant denies.

Explanation of Response to Request:

> Defendant Parks objected to this request on the basis that it was vague and ambiguous as to the terms "informed" and "from the court order for IFP" because she could not determine what Plaintiff referenced by those terms. Due to its use of vague and ambiguous terms, Plaintiff's request is overly broad in scope. Plaintiff's request is also disjointed and thus unintelligible as drafted. Accordingly, Defendant Parks maintains her response to this request.

Ruling re RFA No. 9:

Plaintiff did not provide a copy of the exhibit referenced in RFA No. 9. In any event, Parks' vague and ambiguous objection to the term "informed" is overruled. Common sense suggests Plaintiff's request asks Parks to admit whether Defendant Lirones told or advised Parks in October 2021 that Plaintiff had filed suit against her. Plaintiff's additional reference to "the court order for IFP" is more difficult, but not altogether unintelligible, and it does not make the request disjointed. Defendant Parks will be directed to amend her response to RFA No. 9.

RFA No. 10:

> ADMIT: When YOU discovered MARTINEZ filed a lawsuit against YOU, YOU were [angry] at MARTINEZ.

Response to RFA No. 10:

> Defendant objects to this request on the basis that it is vague and ambiguous as to the term "discovered" such that Defendant must speculate regarding its intended meaning. Defendant further objects to this request on the basis that it is overly broad in scope and time. Defendant additionally objects to this request on the basis that it assumes facts not in evidence.
>
> Based on the foregoing, Defendant denies.

Explanation of Response to Request:

> Defendant Parks objected to this request on the basis that it was vague and ambiguous as to the term "discovered" because she could not determine what Plaintiff referenced by that term. Due to its use of vague and ambiguous terms, Plaintiff's request is overly broad in scope. Plaintiff's request also fails to specify a time period from which it seeks information. In discussing a lawsuit, Plaintif's request assumes facts not in evidence. Accordingly, Defendant Parks maintains her response to this request.

Ruling re RFA No. 10:

Parks' vague and ambiguous objection to the term "discovered" is overruled. Common

sense suggests Plaintiff's request asks Parks to admit whether she was angry with Plaintiff when she learned he had filed suit against her. While the objection concerning Plaintiff's failure to specify a time period is valid, Plaintiff will be directed to provide a further response concerning the relevant period. Finally, as concerns Parks' objection that the "request assumes facts not in evidence," it is overruled. *Taylor*, 2019 WL 6341131, at *4. Defendant Parks will be directed to amend her response to RFA No. 10.

RFA No. 11:

> ADMIT: YOU did NOT APPROVE MARTINEZ's 30-day PLU status for the 45-day court order to file the IFP in PARKS CONTRARY TO CCR 3122(b)(1), (b)(4), and DOM 101120.10.1. attached in EXHIBIT B.

Response to RFA No. 11:

> Defendant objects to this request on the basis that it is vague and ambiguous as to the term "contrary" such that Defendant must speculate regarding its intended meaning. Defendant further objects to this request on the basis that it is overly broad in scope. Defendant additionally objects to this request on the basis that it is compound and seeks responses regarding different topics in the same request.
>
> Based on the foregoing, Defendant denies.

Explanation of Response to Request:

> Defendant Parks objected to this request on the basis that it was vague and ambiguous as to the term "contrary" because she could not determine what Plaintiff referenced by that term. Due to its use of vague and ambiguous terms, as well as failing to define a time period for which the information is sought, Plaintiff's request is overly broad in scope. "Requests for admission may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements." *U.S. ex rel. England*, 235 F.R.D. at 684. Accordingly, Defendant Parks maintains her response to this request.

Ruling re RFA No. 11:

Plaintiff did not provide a copy of the exhibit referenced in RFA No. 11. In any event, Parks' vague and ambiguous objection to the term "contrary" is overruled. Common sense suggests Plaintiff's request asks Parks to admit whether her purported denial of Plaintiff's PLU status, where he alleges a court order directed him to respond within 45 days, contravened institutional policy. Further, although this request does not specify a time period, it is clear from RFA No. 9 that the relevant period is in or around October 2021. Finally, the Court does not find

the request to be compound, conjunctive, or disjunctive; Parks' objection in that regard is overruled. Defendant Parks will be directed to amend her response to RFA No. 11.

<u>RFA No. 12</u>:

> ADMIT: MARTINEZ's court order to submit application for IFP in Exhibit B, is NOT EXEMPT from a 30-day APPROVED PLU status as set forth in CCR 3122(b)(1), (b)(4), and DOM 101120.10.1. (See i.e. Ex.B.)

<u>Response to RFA No. 12</u>:

> Defendant objects to this request on the basis that it is vague and ambiguous as to the phrase "is NOT EXEMPT from a 30-day APPROVED PLU status" such that Defendant must speculate regarding its intended meaning. Defendant further objects to this request on the basis that it is unintelligible as drafted. Defendant additionally objects to this request on the basis that it is compound and seeks responses regarding different topics in the same request.
>
> Based on the foregoing, Defendant denies.

<u>Explanation of Response to Request</u>:

> Defendant Parks objected to this request on the basis that it was vague and ambiguous as to the phrase "is NOT EXEMPT from a 30-day APPROVED PLU status" because she could not determine what Plaintiff referenced by that term. "Requests for admission may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements." *U.S. ex rel. England*, 235 F.R.D. at 684. Plaintiff's request is also unintelligible as drafted because Defendant Parks is unable to determine what information Plaintiff seeks a response to. Accordingly, Defendant Parks maintains her response to this request.

<u>Ruling re RFA No. 12</u>:

Regardless of any objection by Defendant Parks, the Court finds this request to be duplicative of RFA No. 11 because it merely asks the question in reverse. Plaintiff's motion will be denied as to RFA No. 12.

<u>RFA No. 13</u>:

> ADMIT: Pursuant to CCR 3163(a), MARTINEZ may assist another inmate in the preparation of legal documents.

<u>Response to RFA No. 13</u>:

> Defendant objects to this request on the basis that it is vague and ambiguous as to the terms "assist" and "preparation" such that Defendant must speculate regarding their intended meaning. Defendant further objects to this request on the basis that it is overly broad in scope. Defendant additionally objects to this request on the

> basis that it seeks discovery that is not relevant to the claim or defense of any party.
>
> Based on the foregoing, Defendant denies.

Explanation of Response to Request:

> Defendant Parks objected to this request on the basis that it was vague and ambiguous as to the terms "assist" and "preparation" because she could not determine what Plaintiff referenced by those terms. Due to its use of vague and ambiguous terms, Plaintiff's request is overly broad in scope. Plaintiff's request also seeks information that is not relevant to his claim that Defendant Parks retaliated against him in violation of the First Amendment. Accordingly, Defendant Parks maintains her response to this request.

Ruling re RFA No. 13:

Parks' vague and ambiguous objection to the terms "assist" and "preparation" is overruled. In view of the operative complaint's allegations, common sense suggests Plaintiff's request asks Parks to admit whether she believes the services he rendered to other inmates at the library were permissible under the identified regulation. Likewise, Parks' relevancy objection is overruled given Plaintiff's allegations that her hostility towards him, and resulting alleged retaliation, stemmed from her frustration with Plaintiff assisting other inmates at the library. *See Denton v. Bibb*, No. 1:19-cv-00316-DAD-EPG (PC), 2022 WL 2906759, at *4 (E.D. Cal. July 22, 2022) ("Plaintiff may ask a defendant how that defendant understands the law to apply to the relevant facts in his case, but he may not ask a defendant to admit what the law says in the abstract."); *California Sportfishing Protection Alliance v. Callaway*, No. 2:10–cv–1801 GEB GGH PS, 2012 WL 1969206, at *3 (E.D. Cal. May 12, 2012) ("While requests that ask for pure conclusions of law are improper… a request that requires application of law to facts is not improper.").

Defendant Parks will be directed to amend her response to RFA No. 13.

RFA No. 14:

> ADMIT: Even employed, assigned as a law library clerk, pursuant CCR 3163(a) MARTINEZ may assist any prisoner in the preparation of his legal documents.

Response to RFA No. 14:

> Defendant objects to this request on the basis that it is vague and

ambiguous as to the terms "even employed," "assist," and "preparation" such that Defendant must speculate regarding their intended meaning. Defendant further objects to this request on the basis that it is overly broad in scope and time. Defendant additionally objects to this request on the basis that it seeks discovery that is not relevant to the claim or defense of any party.

Based on the foregoing, Defendant denies.

Explanation of Response to Request:

Defendant Parks objected to this request on the basis that it was vague and ambiguous as to the terms "even employed," "assist," and "preparation" because she could not determine what Plaintiff referenced by those terms. The terms "even employed," "assist," and "preparation" are subject to various interpretations. Due to its use of vague and ambiguous terms, Plaintiff's request is overly broad in scope. Plaintiff's request fails to specify a time period for which it seeks information. Plaintiff's request also seeks information that is not relevant to his claim that Defendant Parks retaliated against him in violation of the First Amendment. Accordingly, Defendant Parks maintains her response to this request.

Ruling re RFA No. 14:

Defendant Parks' objections are overruled for the same reason as set forth above in relation to RFA No. 13.

RFA No. 15:

ADMIT: YOU have NO AUTHORITY to ORDER MARTINEZ NOT to assist any/all inmates with the preparation of their legal work (if they asked MARTINEZ for assistance).

Response to RFA No. 15:

Defendant objects to this request on the basis that it is vague and ambiguous as to the term "authority" such that Defendant must speculate regarding its intended meaning. Defendant further objects to this request on the basis that it is overly broad in scope and time. Defendant additionally objects to this request on the basis that it seeks discovery that is not relevant to the claim or defense of any party.

Based on the foregoing, Defendant denies.

Explanation of Response to Request:

Defendant Parks objected to this request on the basis that it was vague and ambiguous as to the term "authority" because she could not determine what Plaintiff referenced by those terms. The term "authority" is subject to various interpretations. Due to its use of vague and ambiguous terms, Plaintiff's request is overly broad in

> scope. Plaintiff's request fails to specify a time period for which it seeks information. Plaintiff's request also seeks information that is not relevant to his claim that Defendant Parks retaliated against him in violation of the First Amendment. Accordingly, Defendant Parks maintains her response to this request.

<u>Ruling re RFA No. 15</u>:

Defendant Parks' objection on vagueness grounds is sustained as Plaintiff does not identify the source(s) of authority for which he seeks a response. Plaintiff's motion will be denied as to RFA No. 15.

<u>RFA No. 16</u>:

> ADMIT: YOUR response of 10/28/2021, to MARTINEZ'S GA-22 of 10/26/2021, is a true copy attached as EXHIBT C.

<u>Response to RFA No. 16</u>:

> Defendant objects to this request on the basis that it is vague and ambiguous as to the term "true copy" such that Defendant must speculate regarding its intended meaning. Defendant further objects to this request on the basis that it is overly broad in scope.
>
> Based on the foregoing, Defendant denies.

<u>Explanation of Response to Request</u>:

> Defendant Parks objected to this request on the basis that it was vague and ambiguous as to the term "true copy" because she could not determine what Plaintiff referenced by that term. The term "true copy" is subject to various interpretations. Due to its use of a vague and ambiguous term, Plaintiff's request is overly broad in scope. Defendant was also unclear where the copy of this document came from, or if it was true and correct copy of the original document. Accordingly, Defendant Parks maintains her response to this request.

<u>Ruling re RFA No. 16</u>:

Plaintiff did not provide a copy of the exhibit referenced in RFA No. 16. In any event, Parks' objection that the "term 'true copy'" is vague and ambiguous and "is subject to various interpretations" overruled for the reasons previously stated. Presuming the document itself was attached to Plaintiff's RFAs, Plaintiff is entitled to Parks' response – whether Parks' response to Plaintiff's GA-22 dated October 26, 2021, is genuine. Defendant Parks will be directed to amend her response to RFA No. 16.

///

<u>Summary Concerning the Court's Rulings</u>

Plaintiff's motion will be granted as to RFA numbers 1, 2, 4, 5, 7, 9, 10, 11, 13, 14, and 16; it will be denied as to RFA numbers 3, 6, 8, 12, 13, 14, and 15.

**Plaintiff's Requests for Admission (RFA) to Defendant Lirones**

Plaintiff sets forth Lirones' response to number 1 in his Request for Admission, Set Two, then "respectfully request[s] the Court to examine, see, defendant Lirone'es response to RFA(2), when referenced to it at EX. D, as, See Lirones'es Response to RFA(2) No. 1, at EX. D, p. 2.)" Thereafter, Plaintiff identifies and discusses numbers 2, 3, 7, 8, 9, 10, 11, 13, 14, 15, 17, 20, 22, 23, 27, 29, 31, 34, 42, 43, 44 and 45. Next, Plaintiff identifies and discusses numbers 1, 3, 4, 8, 9, and 16 from his Request for Admission, Set One, to Lirones.

Without setting forth each individual RFA, Defendants argue both of Plaintiff's Requests for Admission to Lirones were vague and ambiguous and overly broad in scope. Specifically, Defendants contends "Plaintiff's use of terms including 'true copy,' 'denied to approve,' and 'called in' are subject to multiple interpretations, and Defendant Lirones was unable to determine what Plaintiff meant by those terms." Because the terms failed to specify what they referenced, Defendants assert the requests were overly broad in scope. Additionally, Lirones contends it was "unclear where the copies of the various documents came from, or if they were true and correct copy of the original documents, and thus was unable to admit the authenticity of documents with certainty." Specific to Plaintiff's Request for Admission to Lirones, Set Two, she contends numbers 5, 9, and 22 were "harassing in seeking responses to personal, irrelevant, statements." Lirones further maintains such requests are harassing because they do not "utilize Requests for Admission for their intended purpose" but instead "are centered on speculative, personal, or wholly irrelevant premises." Next, Lirones argues Plaintiff's Request for Admission to Lirones, numbers 8, 10, 11, 12, 14, 15, 16, and 19 in Set One, and numbers 4, 11, 18, 24, 25, 26, 27, 29, 29, 30, 32, 39, 41, 44, and 45 in Set Two, are compound. Lastly, Lirones contends that Plaintiff's Requests for Admission, numbers 7 and 13 in Set One, and numbers 5, 7, 9, 12, 13, 14, 15, 25, and 45 in Set Two, sought irrelevant information considering Plaintiff's First Amendment retaliation claim.

As noted above, this Court has "'broad discretion to *manage discovery* and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt*, 672 F.3d at 616 (emphasis added). Additionally, this Court is experiencing a continuing judicial emergency that has overwhelmed its already overburdened resources.[2] Therefore, the undersigned will rule on Plaintiff's Requests for Admission submitted to Defendant Lirones by reviewing her responses attached as Exhibits to Plaintiff's motion (*see* Doc. 81 at 56-74, 81-89) and rule on all RFAs in summary fashion due to the number of requests. Although the summary ruling will not specifically address the parties' arguments, the Court has considered them and finds this course of action to be the most efficient use of its resources.[3]

**Ruling re RFA, Set One, to Lirones**

As concerns the Request for Admissions, Set One, to Defendant Lirones, Plaintiff's motion will be granted as to RFA numbers 1, 2, 3, 6, 9, 11, 16, 17, and 18; it will be denied as to RFA numbers 4, 5, 7, 8, 10, 12, 13, 14, 15, and 19.

**Ruling re RFA, Set Two, to Lirones**

As concerns the Request for Admissions, Set Two, to Defendant Lirones, Plaintiff's motion will be granted as to RFA numbers 3, 7, 10, 12, 16, 22, 24, 25, 33, 34, 44, and 45; it will be denied as to RFA numbers 1, 2, 4, 5, 6, 8, 9, 11, 13, 14, 15, 17, 18, 19, 20, 21, 23, 26, 27, 28, 29, 30, 31, 32, 35, 36, 37, 38, 39, 40, 41, 42, and 43.[4]

**Plaintiff's Motion for Fees and Expenses**

Citing Rule 36(a)(6) and Rule 37(a)(4), (5) and (c), Plaintiff contends this Court should order defense counsel and Defendants to pay $2,000, or a sum determined by the Court, as his "reasonable expenses including attorney fees" incurred "in proving" that they "should have

---

[2] *See* https://www.caed.uscourts.gov/caednew/index.cfm/news/judicial-emergency/, as of 7/15/2026.

[3] *See, e.g.*, *Fernandez v. Centric*, No. 3:12-cv-00401-LRH-WGC, 2013 WL 5551031, at *7 (D. Nev. Oct. 4, 2013) (noting the "court simply does not have the resources to deal with Plaintiff's voluminous requests" and that "a better approach would be to undertake its own sampling of Plaintiff's discovery and evaluate in general the Defendants' discovery responses").

[4] An additional basis for denial, not previously addressed in the Court's consideration of the requests to Defendant Parks, is that requests for admission are improper where the request contains an incomplete hypothetical. *Friedman v. Godiva Chocolatier, Inc.,* No. 09cv977-L (BLM), 2010 WL 4009660, at *2 (S.D. Cal. Oct. 13, 2010).

ADMITTED the 'authenticity' of numerous documents … that contained BOTH defendants own personal handwriting/printing on them, and/or documents used in the law library by defendants and Plaintiff to make copies of legal documents, and forms requesting PLU (Priority Legal User) status ….” He maintains defense counsel “and defendants Parks and Lirones unreasonably failed/refused to do so” and instead asserted “IMPROPER, EVASIVE, GENERIC, and BOILERPLATE OBJECTION(S) ….” Plaintiff specifically identifies the following: numbers 7, 8, and 10 from his Request for Admissions, Set Two, directed to Defendant Lirones; numbers 3 and 4, from his Request for Admissions, Set One, directed to Defendant Lirones; and numbers 1, 2, 12, 13, 14, and 16, from his Request for Admissions, Set One, to Defendant Parks.

Plaintiff states he kept a log of the “total number of hours devoted to proving this issue,” asserting he spent a total of “65 Hours, 30 Mins.,” preparing and sending meet and confer letters and preparing the instant motions. He contends the Court must award expenses and fees and may refuse only if it finds one of four exceptions apply: (1) where the request is objectionable, (2) where the request “was of no substantial importance,” (3) if party failing to admit had reasonable grounds for its belief it might prevail, and (4) when there is “good reason” for the denial. Plaintiff argues none of the exceptions apply.

Defendants oppose Plaintiff's motion, arguing none of his discovery motions have been granted or adjudicated making an award of fees premature. Additionally, Defendants contend that because Plaintiff is an inmate proceeding pro se, he “has not incurred attorney's fees in preparing and filing his discovery motions.” Defendants further contend they should not be ordered to “pay Plaintiff's alleged expenses … because the requested documents have not been proven genuine or the request matters proven true.” Defendants maintain the requested admissions were objectionable, not relevant to the issues in this case, or that there was good reason to not to admit the requests.

First, Plaintiff is advised that as a pro se litigant, he is not entitled to attorney's fees. *Kay v. Ehrler*, 499 U.S. 432, 435 (1991). Second, the Court declines to award expenses here given its mixed ruling on Plaintiff's motions. Fed. R. Civ. P. 37(a)(5)(c).

///

## III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1. Plaintiff's motion concerning the Request for Admission, Set One, directed to Defendant Parks (Doc. 80) is **GRANTED IN PART** and **DENIED IN PART**. Defendants Parks **SHALL** amend her relevant responses consistent with this order **within 30 days**;
2. Plaintiff's motion concerning the Requests for Admission, Sets One and Two, directed to Defendant Lirones (Doc. 81) is **GRANTED IN PART** and **DENIED IN PART**. Defendants Lirones **SHALL** amend her relevant responses **within 30 days**; and
3. Plaintiff's motion for fees and expenses (Doc. 82) is **DENIED**.

IT IS SO ORDERED.

Dated: **July 17, 2026**

UNITED STATES MAGISTRATE JUDGE