UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RONALD F. MARTINEZ,

Plaintiff,

v.

A. PARKS,

Defendant.

Case No.: 1:21-cv-001496-KES-CDB

**ORDER GRANTING CONSTRUED MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER *NUNC PRO TUNC***

(Doc. 93)

Plaintiff Ronald F. Martinez is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's First Amendment retaliation claims against Defendants Lirones and Parks.

## I. RELEVANT PROCEDURAL BACKGROUND

On April 29, 2026, the Court issued its Order Finding the Parties' Joint Stipulation to Stay Briefing Schedule Lapsed, Order Setting Deadlines to Oppose Plaintiff's Pending Motions, Order Denying Plaintiff's Motion Filed March 31, 2026, and Order Modifying the Discovery and Scheduling Order. (Doc. 90.) Relevant here, the deadline for the completion of discovery was extended to August 17, 2026, and the deadline for filing dispositive motions was extended to October 16, 2026. (*Id*. at 3-4.)

On July 17, 2026, the Court issued its Order Resolving Plaintiff's Pending Motions Involving Discovery. (Doc. 92.) In pertinent part, Defendants Lirones and Parks were ordered to

amend certain responses to Plaintiff's discovery requests within 30 days. (*Id*. at 22.)

On August 14, 2026, Defendants moved for extensions of the deadlines for completing discovery and for filing dispositive motions. (Doc. 93.)

On August 17, 2026, Eric Jon Miersma filed a Notice of Appearance and Substitution of Counsel on behalf of Defendants Lirones and Parks. (Doc. 94.)[1]

**II. DISCUSSION**

Defendants contend good cause exists to grant their request to extend the discovery deadline, for the limited purpose of taking Plaintiff's deposition, because "new counsel is being assigned to this case and that counsel requires additional time to review the previous filings in this matter, schedule, and take Plaintiff's deposition." Defendants maintain they were unable to schedule and complete Plaintiff's deposition as a result of "efforts to resolve discovery disputes between the parties" and other obligations assigned to defense counsel. Defendants ask the Court to extend the deadline for the completion of discovery by 45 days "for the limited purpose of allowing Defendants to schedule and complete Plaintiff's deposition" and to extend the deadline for filing dispositive motions by 90 days.

Defendants' motion is supported by the Declaration of Isha Vazirani. Ms. Vazirani declares "new defense counsel will be assigned to this case shortly" and that new counsel will require more time to review the record and to schedule and take Plaintiff's deposition. She further declares she was unable to schedule and take Plaintiff's deposition as she was "engaged in lengthy efforts to resolve discovery disputes in this matter" and "was occupied with litigation activity in other matters" assigned to her, as detailed in the declaration. Moreover, she declares that permitting an extension of the dispositive motion deadline will allow new counsel sufficient time to become familiar with the record, assess the claims and defenses, confer with Defendants, take Plaintiff's deposition, and prepare a dispositive motion. Finally, Ms. Vazirani declares the request is not made to delay this litigation or for any improper purpose and states her belief that Plaintiff will not be prejudiced by the request.

[1] The notice states: "Defendants request that Ms. Vazirani be removed from the case docket, ECF filings, and other service activities."

The Court construes Defendants' motion for extensions of time to be a motion to modify the scheduling order. Further, following review, the Court finds a response by Plaintiff to be unnecessary.

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. If the party was not diligent, the inquiry should end. *Id*.

Initially, the Court notes that formerly assigned defense counsel, Ms. Vazirani, is no longer assigned to this action. As reflected on the docket, Mr. Miersma is now appearing as counsel on behalf of Defendants Lirones and Parks.

As concerns modification, the Court recently resolved Plaintiff's discovery motions, which, in part, required additional responses by Defendants. Given the 30-day deadline imposed in its July 17, 2026, order, the Court presumes that Defendants have complied and Plaintiff has been served with supplemental responses. And given former defense counsel's inability to schedule and complete Plaintiff's deposition prior to expiration of the discovery deadline as detailed in her declaration, coupled with the fact new counsel has recently been assigned to this action, the Court finds good cause to extend the deadline for the completion of discovery for the limited purpose of completing Plaintiff's deposition and to extend the deadline for filing dispositive motions. *Johnson*, 975 F.2d at 609.

## III. CONCLUSION AND ORDER

Accordingly, for the reasons stated, the Court **HEREBY ORDERS** as follows:

1. Defendants' construed motion to modify the scheduling order (Doc. 93) is **GRANTED**;
2. The Discovery and Scheduling Order is **MODIFIED** *nunc pro tunc* as follows:
    a. The deadline for the completion of discovery, *for the limited purpose of completing Plaintiff's deposition*, **is extended** from August 17, 2026, **to**

**October 1, 2026**; and

b. The deadline for filing pretrial dispositive motions **is extended** from October 16, 2026, **to January 14, 2027**; and

3. The Clerk of the Court is **DIRECTED** to terminate Isha Vazirani's representation of Defendants on the docket for this action.

IT IS SO ORDERED.

Dated: **August 25, 2026**

UNITED STATES MAGISTRATE JUDGE